IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

KYLEIGH PELAYO,

    Plaintiff,

vs.

RED CRAB FL LLC,
a Florida Limited Liability Company,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, KYLEIGH PELAYO, sues Defendant, RED CRAB FL LLC, and shows:

### Introduction

1. This is an action by KYLEIGH PELAYO ("PELAYO") against her former employer, RED CRAB FL LLC ("RED CRAB"), for unpaid overtime wages pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Southern District of Florida, which is where venue is proper.

### Parties and General Allegations

4. Plaintiff, PELAYO, a resident of St. Lucie County, Florida, was, at all times material, employed by RED CRAB as a bartender, was an employee as defined by 29

U.S.C. § 203 (e), and during her employment with RED CRAB, was engaged in commerce or in the production of goods for commerce.

5. Defendant, RED CRAB, is a Florida limited liability company doing business in St. Lucie County, Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. §§ 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the restaurant where PELAYO was employed in Port St. Lucie, Florida.

6. PELAYO was employed with RED CRAB from on or about October 2020 through December 8, 2021.

7. During her employment, PELAYO routinely worked over 40 hours a week without being paid the proper overtime rate.

**Count I – Violation of FLSA by Defendant RED CRAB – Overtime**

8. Plaintiff, PELAYO, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 7 above.

9. Since on or about October 2020 up to and including December 8, 2021, Defendant RED CRAB has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically PELAYO, since October 2020, worked in excess of 40 hours per week nearly every week of her employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she was employed.

10.     RED CRAB's violations of the overtime provisions of the FLSA occurred in a number of ways: (1) PELAYO would sometimes not get paid for all hours that she worked, which hours were overtime hours; (2) PELAYO would sometimes work overtime hours and only receive straight time; and (3) PELAYO would sometimes work at two different rates, but would only receive overtime at the lower regular rate.

11.     The failure to pay overtime compensation to PELAYO is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a bona fide executive, administrative or professional employee, or in the alternative, if PELAYO was exempt, Defendant's actions and/or conduct have effectively removed any exemption that may have applied to PELAYO.

12.     RED CRAB's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and PELAYO's status as non-exempt but chose not to pay her in accordance with the Act.

13.     PELAYO is entitled, pursuant to 29 U.S.C. § 216(b), to recover from RED CRAB:

   a.   All unpaid overtime that is due;
   b.   As liquidated damages, an amount equal to the unpaid overtime owed;
   c.   The costs of this action, and;
   d.   A reasonable attorney's fee.

WHEREFORE, Plaintiff, PELAYO, prays that this court will grant judgment against Defendant RED CRAB:

   a.   awarding PELAYO payment of overtime compensation found by the court to be due to her under the Act, including pre-judgment interest;

   b.  awarding PELAYO an additional equal amount as liquidated damages;

   c.  awarding PELAYO her costs, including a reasonable attorney's fee; and

   d.  granting such other and further relief as is just.

## Jury Demand

Plaintiff demands trial by jury.

Dated: May 13, 2022
Plantation, Florida

             Respectfully submitted,

             */s/ Robert S. Norell*
             Robert S. Norell, Esq. (Fla. Bar No. 996777)
             E-Mail: rob@floridawagelaw.com
             **ROBERT S. NORELL, P.A.**
             300 NW 70th Avenue
             Suite 305
             Plantation, Florida 33317
             Telephone: (954) 617-6017
             Facsimile: (954) 617-6018
             *Counsel for KYLEIGH PELAYO*